# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MADALEINE MULREY,

    Plaintiff,

  v.                                                        Case No. 21-CV-603

WISCONSIN OFFICE OF LAWYER REGULATION
and JAMES EVENSON,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS'
## MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION TO FILE
## UNDER SEAL

On May 13, 2021, Madaleine Mulrey sued the Wisconsin Office of Lawyer Regulation ("OLR") and OLR referee James Evenson for allegedly violating her rights under Title II of the Americans with Disabilities Act of 1990 ("ADA") during her ongoing state attorney disciplinary proceedings. (Compl., Docket # 1.) Mulrey's complaint requested both injunctive relief and monetary damages. (*Id.*) Mulrey also moved for a temporary restraining order enjoining further action in those proceedings. (Docket # 15.)

The defendants subsequently moved to dismiss Mulrey's claim for injunctive relief under the ADA based on the *Younger v. Harris*, 401 U.S. 37 (1971) doctrine of abstention. Defendants also moved to dismiss Mulrey's ADA claim seeking monetary relief on the grounds that the OLR is immune from damages under the Eleventh Amendment and Evenson is immune from suit under SCR 21.19 and quasi-judicial immunity. (Docket # 11.)

In a decision and order dated August 13, 2021, I granted in part and denied in part Defendants' motion. (Docket # 19.) As to Mulrey's request for injunctive relief, the ADA

claim was dismissed and the request for a TRO was denied. (*Id.*) However, as to Mulrey's request for monetary damages, the motion was denied and the case stayed pending the outcome of her state proceedings. (*Id.*) I found, however, that Mulrey's complaint, in its present form, failed to allege a lack of access to the state attorney disciplinary process and that Mulrey, in her response brief, conceded that she "has not attempted to state a Fourteenth Amendment claim here, and thus probably fell well short of pleading standards for such claims, but she likely could have done so." (Docket # 17 at 13.) I found, however, that after the conclusion of her state attorney disciplinary proceedings, she would be allowed to amend her complaint regarding her ADA claim for money damages. (Docket # 19 at 11.) Mulrey was ordered to notify the Court within twenty days of the conclusion of the state court proceedings so that her ADA claim for compensatory damages could be reinstated and was warned that failure to timely notify the Court would result in dismissal of the action for failure to prosecute. (*Id.* at 12.)

On May 15, 2024, Defendants filed a motion to dismiss Mulrey's complaint for failure to prosecute. (Docket # 20.) Defendants state that Mulrey's state court proceedings concluded on March 20, 2024, when the Wisconsin Supreme Court issued a written decision. (*Id.* at 2.) Defendants further request that because the decision is confidential in nature, they be allowed to file the decision under seal, restricted to case participants only. (*Id.*) Defendants argue that Mulrey did not notify this Court about the conclusion of her state proceedings within twenty days of its conclusion; thus, as warned in the August 2021 Order, Mulrey's complaint should be dismissed for failure to prosecute. (*Id.*)

That same day, Mulrey's counsel filed a letter acknowledging that the state proceedings have concluded but explained that he no longer represented Mulrey in the state

matter and was unaware of the state court decision until receiving notice of Defendants' motion to dismiss. (Docket # 21.) Counsel further stated that he had not yet attempted to contact Mulrey. (*Id.*)

On June 5, 2024, Mulrey, through counsel, filed a response to Defendants' motion to dismiss, arguing that the state proceedings did not, in fact, conclude until April 25, 2024, the date of final remittitur. (Docket # 22.) Thus, Mulrey argues the May 15, 2024 notice is timely. (*Id.*) Mulrey alternatively moves for an extension of time to file a report to this Court on the conclusion of the state proceedings, on the grounds that receiving the decision from the state court retraumatized her and she was in ongoing discussion regarding payment of costs that led her to not understand that the matter was set to close. (Docket # 23 at ¶ 4.) Mulrey's counsel also moves to withdraw from representing her in this case, stating that the relationship has irretrievably broken down. (Docket # 24.) Counsel requests that this action be stayed to allow Mulrey the opportunity to find substitute counsel. (*Id.*)

Defendants counter that for an attorney disciplinary proceeding, the Wisconsin Supreme Court has original jurisdiction of the matter; thus, there should not have been a date of remittitur as there is nowhere to remit the matter to. (Docket # 26 at 2.) Defendants posit that the docket entry showing a remittitur date was either entered in error or was simply auto-generated by the system. (*Id.*)

The procedures for the Lawyer Regulation System are found in Wisconsin SCR Chapter 22. Investigations typically begin with one filing a grievance concerning an attorney's conduct to the Office of Lawyer Regulation. SCR 22.01. After this initial complaint is filed, the case can take multiple different courses, including dismissal, attempts at reconciliation between the parties, or referral for further investigation. SCR 22.02. If a

3
Case 2:21-cv-00603-NJ   Filed 06/21/24   Page 3 of 6   Document 27

case is referred for investigation, after the investigation concludes, the case again can take different courses, including dismissal for lack of sufficient evidence to proceed, alternatives to discipline, consensual reprimand, or presentation to a review committee to determine whether there is cause to proceed further. SCR 22.05. If a case proceeds to a preliminary review panel and it is found that there is sufficient cause to proceed, the director may then file a complaint with the Wisconsin Supreme Court alleging misconduct. SCR 22.08. If the director takes this course of action, a complaint is filed in the supreme court. SCR 22.11. A referee is then appointed, SCR 22.13, and proceedings are held where the referee "has the powers of a judge trying a civil action and shall conduct the hearing as the trial of a civil action to the court. The rules of civil procedure and evidence shall be followed." SCR 22.16(1). Upon the referee issuing his or her report, the respondent may then file an appeal with the supreme court. SCR 22.17.

Pursuant to Wis. Stat. § 809.26(2), the Wisconsin Supreme Court "upon filing its decision shall transmit to the trial court the judgment and opinion of the supreme court and the complete record in the case unless the case is remanded to the court of appeals with specific instructions." Remittitur signifies the appellate court's relinquishment of jurisdiction over the appeal. *See State ex rel. Fuentes v. Wisconsin Ct. of Appeals, Dist. IV*, 225 Wis. 2d 446, 453, 593 N.W.2d 48, 51 (1999). Generally speaking, under Wisconsin law, proceedings become "final" the day the remittitur issues. *See, e.g.*, *Austin v. Novak*, No. 14-CV-0608-BHL, 2021 WL 1531568, at *2 (E.D. Wis. Apr. 19, 2021).

Attorney disciplinary proceedings do not follow the same course as a typical civil proceeding. They begin in a regulatory body (the OLR) but may end in the Wisconsin Supreme Court. While Defendants argue remittitur was unnecessary in this case and believe

4

it was entered in error, there is no indication from the docket that the supreme court inadvertently entered remittitur. Rather, the docket entry shows remittitur entered on April 25, 2024, with a comment that the case is closed. (Docket # 22-1 at 1.) Thus, I am unconvinced that Mulrey's state court proceedings concluded on March 20 as opposed to April 25. As such, I find that Mulrey's May 15, 2024 notice that the state proceedings concluded, filed twenty days after the April 25, 2024 remittitur, is timely. Defendants' motion to dismiss for failure to prosecute is denied. Additionally, it is unnecessary to file the state court disciplinary decision at this juncture. Accordingly, the motion to seal is denied.

Recall, however, that Mulrey's original complaint failed to state a claim because she did not allege lack of access to the state attorney disciplinary process. Mulrey acknowledged this but stated that she "likely could have" properly stated a claim. (Docket # 17 at 13.) I explained that Mulrey would have to amend her complaint to properly state a claim. (Docket # 19 at 11.) Mulrey's current counsel has requested leave to withdraw and has asked that Mulrey be given an opportunity to find new counsel. (Docket # 24.)

I will grant counsel's request to withdraw and allow Mulrey an opportunity to either retain new counsel and file an amended complaint, or to proceed *pro se* and file an amended complaint. Mulrey will have until **Friday, July 12, 2024**, to inform the Court whether she has retained new counsel or will proceed *pro se*. Thereafter, a deadline will be set for Mulrey to file an amended complaint consistent with the August 13, 2021 Decision and Order (Docket # 19). Counsel also asks that he be allowed to file his certificate of service under seal to protect the privacy of Mulrey's home address. (Docket # 25.) This request is granted.

5

Case 2:21-cv-00603-NJ    Filed 06/21/24    Page 5 of 6    Document 27

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute and Motion to File Under Seal (Docket # 20) is **DENIED**. The case, which was previously administratively closed, is now re-opened.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Docket # 23) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Restrict Certificate of Service (Docket # 25) is **GRANTED**.

**FINALLY, IT IS ORDERED** that Plaintiff's Motion to Withdraw (Docket # 24) is **GRANTED**. Ms. Mulrey has until **July 12, 2024**, to inform the Court whether she has retained new counsel or will proceed *pro se*.

Dated at Milwaukee, Wisconsin this 21st day of June, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge