UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MADALEINE MULREY,

    Plaintiff,

  v.                                                      Case No. 21-CV-603

WISCONSIN OFFICE OF LAWYER REGULATION
and JAMES EVENSON,

    Defendants.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

---

Madaleine Mulrey sued the Wisconsin Office of Lawyer Regulation ("OLR") and OLR referee James Evenson for allegedly violating her rights under Title II of the Americans with Disabilities Act of 1990 ("ADA") and under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The defendants moved to dismiss Mulrey's amended complaint on the grounds that the ADA claim was barred by sovereign immunity and that Mulrey had not sought leave to amend her complaint to add a new cause of action under the Rehabilitation Act. (Docket # 38.) Alternatively, Defendants argued that Mulrey's Rehabilitation Act claim failed to state a claim upon which relief may be granted. (*Id.*)

In a decision and order dated June 3, 2025, I granted the defendants' motion and dismissed Mulrey's amended complaint. (Docket # 44.) Judgment was entered the same day. (Docket # 45.) On June 30, 2025, Mulrey filed a timely motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (Docket # 46.) For the reasons explained below, Mulrey's motion is denied.

## LEGAL STANDARD

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

## ANALYSIS

Mulrey argues reconsideration is proper in this case because the Court made manifest errors of law and because new evidence has been discovered. (Docket # 46 at 1.) As to her argument regarding the discovery of new evidence, to obtain relief under Rule 59(e), Mulrey must "clearly establish" that "newly discovered evidence precluded entry of judgment." *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025). The new evidence Mulrey presents relates entirely to her former housemate, Anthony Delyea. She cites to a transcript regarding Delyea's failed attempts to get a temporary restraining order against Mulrey; a letter from an attorney to a judge regarding Delyea's conflict of interest in a small claims case

against Mulrey; an email from Investigator Galarowicz dismissing Mulrey's and another individual's grievance against Delyea; evidence that Delyea violated a restraining order and stole Mulrey's property; and various documents that "confirm Delyea's perjury and misconduct." (Docket # 46 at 2.)

Mulrey's ADA and Rehabilitation Act claims were dismissed for failure to state a claim. Specifically, Mulrey alleged that the OLR failed to provide a reasonable modification under the ADA by repeatedly denying her requests for additional time to respond throughout the disciplinary proceedings. The allegations in her amended complaint, however, demonstrated that contrary to this assertion, Mulrey was given multiple extensions throughout the course of her disciplinary proceedings. (Docket # 44 at 14–17.) I further determined that under Title II of the ADA, a requested accommodation must be reasonable and it is unreasonable to expect the OLR to extend Mulrey's disciplinary proceedings for as long as she sees fit. (*Id.* at 16–17.) For the same reasons, I found that her claim under § 504 of the Rehabilitation Act failed. (*Id.* at 17.) Mulrey's asserted new evidence regarding Delyea is immaterial to the decision to dismiss Mulrey's ADA and Rehabilitation Act claims for failure to state a claim upon which relief may be granted. As such, reconsideration is not warranted under Rule 59(e) based on the discovery of new evidence.

As to her arguments regarding the decision containing manifest errors of law, Mulrey argues that the Court erred by: "[a]ccepting the stipulation despite Delyea's undisclosed conflict and perjury/recording violations"; "[f]ailing to enforce ADA accommodations for Plaintiff's PTSD, exacerbated by OLR's coercion and Delyea's actions"; and "[o]verlooking OLR's duty to investigate under SCR 21.15(4), a legal misinterpretation. These errors, compounded by Grafton's negligent negotiation, necessitate vacatur." (Docket # 46 at 3.)

3

None of these alleged errors, however, seem to pertain to the decision at issue in this case—the June 3, 2025 Decision and Order dismissing Mulrey's amended complaint for failure to state a claim. Thus, Mulrey is not entitled to reconsideration on this ground.

## CONCLUSION

Reconsideration under Rule 59(e) serves the very limited purpose of correcting manifest errors of law or fact and presenting new evidence that would preclude the entry of judgment. For this reason, relief under Rule 59(e) is "reserved for extraordinary cases." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 521 (7th Cir. 2015). Mulrey has not shown that relief under Rule 59(e) is warranted in this case. For these reasons, Mulrey's motion for reconsideration is denied.

Mulrey has also filed a motion to stay proceedings in this case for 90 days. (Docket # 48.) Because this case is closed, there are no proceedings to stay. Mulrey, of course, may appeal this decision pursuant to Fed. R. App. P. 4.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's Motion to Amend Judgment (Docket # 46) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Stay (Docket # 48) is **DENIED**.

**FINALLY, IT IS ORDERED** that plaintiff's Motion to Restrict document (Docket # 49) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 22nd day of August, 2025.

BY THE COURT

*Nancy Joseph*
_____
NANCY JOSEPH
United States Magistrate Judge